# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS S. RANKIN** | § | **PETITIONER** |
| | § | |
| v. | § | **CIVIL NO. 1:08CV161 LG** |
| | § | **CRIMINAL NO. 1:06CR41 LG-JMR** |
| | § | |
| **UNITED STATES OF AMERICA** | § | **RESPONDENT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Petitioner Demetrius S. Rankin to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Petitioner seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 853. A hearing was conducted on January 15, 2010, at which the Petitioner and his trial counsel were present and testified. After consideration of Petitioner's Motion, the Government's response, the testimony and arguments at hearing, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be granted to the extent that Rankin should be allowed to file an out-of-time appeal, and denied in all other respects.

## FACTS AND PROCEDURAL HISTORY

On June 1, 2006, Rankin was stopped in Pascagoula, Mississippi, for a traffic violation. During the course of the stop, Rankin gave consent to the officers to search the truck. While he was getting out of the truck, the officers noticed a bulge that appeared to be a pistol in Rankin's waistband. When the officers tried to retrieve the pistol, Rankin resisted. Rankin was eventually taken into custody and found to have a .22 caliber revolver, approximately one ounce of marijuana and $1,200 in cash. He was placed under arrest and brought to the Pascagoula City

Jail. While there, Rankin placed a monitored phone call to his girlfriend, Laquisha Ann Brooks. The discussion made agents suspicious of criminal activity, and they obtained a search warrant for Rankin's residence. Brooks was attempting to leave the residence when agents arrived. They discovered $20,490 in cash in Brooks's purse, 9.4 kilograms of cocaine hydrochloride in a locked trailer in the front yard of the residence, a small amount of powder cocaine and 19 grams of marijuana inside the residence, as well as a pistol and ammunition.

Rankin retained the services of attorney Michael Crosby to represent him. A plea agreement was negotiated and Rankin's guilty plea taken on September 19, 2006. He was subsequently sentenced to 143 months incarceration and five years supervised release. He did not appeal the judgment or sentence.

Rankin timely filed this Section 2255 motion. Two months later, he filed "Defendant's Motion to Amend His Section 2255 Motion Pursuant To F.R.C.P. Rule 15(a)." He restated his grounds for relief, requesting that the amendment "be used in place of the specific facts presented in Defendant's original section 2255 motion." Ct. R. 41.

The claims in Rankin's amended Motion primarily concern his allegation that the government has breached the plea agreement, but he also contends that his attorney was ineffective during the pre-plea time period because he should have challenged the traffic stop and the validity of the warrant. In regard to the plea hearing itself, he contends the Court committed error when it accepted his plea of guilty to an indictment that failed to allege the factual elements necessary to charge him with aiding and abetting. He also faults his attorney for failing to object to the "invalid" indictment, failing to raise the government's breach of the plea agreement, and failing to file an appeal.

Rankin alleges that the government has breached its agreement with him in three ways: 1) by failing to return his property to him as agreed upon during the plea hearing; 2) by mentioning his girlfriend, Laquisha Ann Brooks, during the plea hearing when the government had promised not to include her in Rankin's offense; and 3) by failing to file a motion for downward departure for substantial assistance.

The Court has analyzed all of Rankin's claims, and for the reasons set out below, finds that Rankin's guilty plea bars his claims of antecedent constitutional violations; the testimony at his plea hearing establishes that his plea was knowing and voluntary and therefore Rankin has validly waived his right to bring most of his claims under § 2255; and the government has not breached the plea agreement. However, counsel was ineffective for failing to file an appeal.

THE PRE-PLEA CLAIMS:

Criminal defendants have only a limited ability to challenge a conviction entered pursuant to a guilty plea:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770 (1970) ].

*Tollet v. Henderson*, 411 U.S. 258, 267 (1973).

Although a criminal defendant who pleads guilty may challenge jurisdictional defects which dispute "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), he waives his right to challenge all

non-jurisdictional defects preceding the plea. *United States v. Owen*, 996 F.2d 59, 60 (5th Cir. 1993) (per curiam). This includes all claims of ineffective assistance of counsel, except to the extent that the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Thus, Rankin's claims that his counsel failed to challenge the traffic stop or the validity of the search warrant, which are unrelated to the voluntary nature of his guilty plea, have been waived by the fact of his guilty plea. Also waived is Rankin's claim that the indictment in his case was defective because it failed to allege certain factual elements. *United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (defects in indictment not jurisdictional); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (standard waiver principles apply to defects in the indictment).

DEFENDANT'S WAIVER OF HIS RIGHT TO ASSERT CLAIMS UNDER 28 U.S.C. § 2255

When Rankin entered his negotiated plea of guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.[1] A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992), and the right to seek post-conviction

---

[1] Rankin's Plea Agreement provides that Rankin:

expressly waives . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever . . . the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code. . . .

Ct. R. 26 p. 9 (¶ 16).

relief. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994). However, if Rankin did not voluntarily waive these rights, the waiver provision is of no effect. *Id.* at 653. The Court must therefore first consider the voluntariness of the plea and waiver.

Because a plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances - even though the defendant may not know the specific detailed consequences of invoking it." *Ruiz*, 536 U.S. at 630. With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id.*

Nevertheless, a plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him,

and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id*. at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). When examining the totality of the circumstances, a reviewing court should "consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government." *United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995) (citations omitted). Courts considering

challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). With these principles in mind, the Court examines the voluntariness of Petitioner's plea in light of his allegations.

Rankin was 32 years old at the time of his guilty plea. He had completed a GED and a paralegal course. He worked as a regional manager for an aviation maintenance company and a paralegal in a law office. He was previously convicted of conspiracy to possess with intent to distribute cocaine in the U.S. District Court for the Southern District of Alabama in 1992. He served 120 months in prison and began his supervised release period in 2001. After violating the terms of his supervised released and having it revoked, he was finally released from the custody of the Bureau of Prisons in July 2004.

When questioned by the Court, he stated that he and his attorney had gone over the evidence that the government had and intended to use against him at trial. He had reviewed the plea agreement with his attorney, stating, "[t]hat was the reason why we had a problem with it in the beginning, because I went over it, and was going over some things with him that I brought to

his attention. That is why he was addressing the Court earlier when you gave us a chance to go over it again." He stated that no one, including his counsel, had made any type of promise, inducement, or threat in order to make him plead guilty. He confirmed that he intended to omit the "personal property" provision of his Plea Agreement, and that he had initialed the crossed-off provision. He stated he understood that regardless of whether the Court went over any specific provision of the Plea Agreement during his plea hearing, all of the provisions were binding. He stated he was satisfied with the representation of his counsel. He indicated his understanding that in exchange for his plea of guilty to a violation of 18 U.S.C. § 841(a)(1), possession of a controlled substance with the intent to distribute, and a violation of 21 U.S.C. § 853, criminal forfeiture, the remaining count in the indictment would be dismissed. He stated he understood what the maximum penalty might be if convicted. He agreed that he had given up the right to appeal or to contest his conviction in a post-conviction proceeding. The Court noted, "that is sometimes referred to as habeas corpus relief." Rankin stated, "2255," and the Court replied "Correct. You even know the statute number. That is absolutely correct. You understand that?" Rankin stated, "Yes, sir."

Rankin agreed with the government's recitation of the facts it could prove if the case were to go to trial, except as to the weight of the cocaine seized. The matter was discussed, as follows:

> Rankin: The majority of the facts are correct, Judge. I think the drug amounts I have a problem with. That is the first time I heard 9.4 since the whole case. I don't know where that figure came from, but I know the indictment only said five kilograms or more, but I was under the impression that it was only eight. That is the only thing I was concerned about.
>
> The Court: Do you contest the fact that this material was cocaine?

| | | |
|---|---|---|
| Rankin: | No, I don't. | |
| The Court: | All right. You have some questions, however, about the amount; is that correct? | |
| Rankin: | Yes, sir, that is all. | |
| The Court: | Mr. Meynardie, how was the amount determined? | |
| Meynardie: | The night of the arrest it was believed to be about eight kilograms. It went to the Mississippi Crime Lab, and their report came back and it turned out it was approximately 9.4. It was larger than we thought. Of course, eight kilograms and 9.4 fall into the same guideline range, so it really is immaterial either to the sentencing or anything else. | |

Rankin then pled guilty to the charges.

Defendants who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Defendants must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). Rankin stated, under oath, that he did understand the charge against him. Furthermore, when the government attorney proffered the facts supporting the charge, Rankin agreed, again under oath, that the facts were correct, except for the quantity of cocaine seized. Nothing in Rankin's pleadings persuade the Court that it should give his assertions in this Motion more weight than his sworn statements at the plea hearing and his signed Plea Agreement. Considering all of the relevant circumstances, the Court concludes that Rankin has not shown that his guilty plea was not knowing or voluntary. He received effective assistance of counsel, the Court reviewed the

facts of the case and the consequences of Rankin's guilty plea at the hearing, and Rankin assured the Court that he understood. Therefore, the waiver of post-conviction remedies contained in his Plea Agreement is valid and should be given effect.

BREACH OF PLEA AGREEMENT BY THE GOVERNMENT:

Rankin contends that the government has breached the Plea Agreement because it has not returned his personal property or given him credit for the substantial assistance he provided. If the government "has breached . . . a plea agreement, the defendant is necessarily released from a[ ] [2255] waiver provision contained therein." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (citing *United States v. Keresztury*, 293 F.3d 750, 755 (5th Cir. 2002)). "Whether the government's conduct violated the terms of the plea agreement is a question of law." *United States v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993) (internal quotation and citation omitted). "In determining whether there has been a breach of the plea agreement, we must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Id*. (internal quotations and citation omitted). If the government's promise "can be said to part of the inducement or consideration," the promise must be fulfilled. *Id*. (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

*A. The Return of Property*

In regard to the claim that the government breached the Plea Agreement by failing to return certain property to him, Rankin makes no more than this unsupported statement. He fails to identify where in the Plea Agreement the government agreed to return property to him, and the Court's review does not reveal any such provision. In the Plea Agreement, Rankin agreed to forfeit:

>   any and all assets and property, or portions thereof, subject to forfeiture as a result of Defendant's illegal conduct. . . . Specifically, the assets and property to be forfeited, will be negotiated between the parties prior to the date of sentencing. If the parties are unable to agree, the dispute will be presented to the Court through an evidentiary hearing concerning the property at issue.

Ct. R. 26 p. 3(¶5). There followed a list of personal property, but during the plea hearing, the parties determined there was no agreement that the property should be forfeited, so the portion of paragraph 5 entitled "Personal Property" was crossed off and initialed by counsel and Rankin. Thus, Rankin pled guilty to the forfeiture count, but the specific items of property were not identified in the Plea Agreement. Rankin's counsel advised the Court that he was "going to request more information from the agents, and then after he receives that information we will bring that matter back before the Court."

The matter was brought back before the Court in October 2008, when the government filed a motion to dismiss property from forfeiture. Ct. R. 56. In the motion, the government informed the Court that this same property had been administratively forfeited. The property was dismissed from the forfeiture count of the indictment by the Court's Order granting the motion on October 7, 2008. Ct. R. 57. The Court concludes that Rankin's complaint that the government breached an agreement to return property to him has no factual support in the record and is not grounds for § 2255 relief.

   B. *The Motion for Reduction of Sentence*

Rankin asserts that the government agreed to file a Rule 35 motion requesting a reduction in his sentence in exchange for his substantial assistance, and that the government breached this promise by not filing the motion. A reading of the Plea Agreement, however, demonstrates that the government did not make any such promise. In the agreement, the government promised

-11-

only that *should* it determine that Rankin had provided substantial assistance in an investigation or prosecution, it *may* consider filing a Rule 35 motion. *See* Ct. R. 26, ¶2(b)(3) (emphasis added). Thus, the government promise was both conditional and limited in scope. It was conditional because the government need not do anything if Rankin failed to provide substantial assistance to the government; the promise was limited in the sense that the government would consider filing - but was not obligated to file - a motion for reduction of sentence if Rankin provided substantial assistance. *See United States v. Brown,* 285 Fed. Appx. 177 (5th Cir. 2008). The government retains discretion to file a Rule 35 motion, and the exercise of discretion will not be reviewed unless the defendant makes a substantial threshold showing of an unconstitutional motive. *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995). There is no allegation or showing of an unconstitutional motive in this case. The government, therefore, did not violate the express terms of the plea agreement by failing to file a Rule 35 motion. *See United States v. Cates*, 952 F.2d 149, 152-53 (5th Cir. 1992) (noting that the measure of compliance is the agreement's express terms).

It should be noted that Rankin also asserts that the government violated a "proffer agreement" by referring to his girlfriend by name during the plea hearing. A "proffer agreement" is not a plea agreement and therefore does not merit § 2255 review. Further, when the government proffered the factual basis for the charges against Rankin, which included Brooks's involvement in events, the alleged violation of this agreement brought no objection from Rankin or his counsel.

For these reasons, the Court does not find that any breach of the Plea Agreement occurred, nor was counsel ineffective for failing to challenge the alleged breach. *See United*

*States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

INEFFECTIVE ASSISTANCE OF COUNSEL:

By the guilty plea and the express waiver in his Plea Agreement, Rankin has validly waived the right he had to challenge his attorney's representation in all but a few areas. "[A]n ineffective assistance of counsel argument survives a waiver of appeal . . . when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Rankin's allegations - failing to object to the "invalid" indictment, failing to raise the government's breach of plea agreement, and failing to file an appeal, do not bring into question the validity of the waiver or the guilty plea.

However, the Fifth Circuit has noted and followed the Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), holding that an attorney's failure to file a notice of appeal when requested - even when the right to appeal and collateral review has been waived - is per se ineffective assistance of counsel. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

> In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*Id*. at 266. Here, Rankin has alleged in his amended motion and provided an affidavit asserting that he requested that his attorney file an appeal. Although ordered by the Court to file an affidavit responding to Rankin's allegations, Rankin's counsel did not so respond. Accordingly,

the Court conducted a hearing to inquire into the matter. After hearing from Rankin and his counsel, the Court finds that Rankin did request that his counsel file a notice of appeal, and counsel failed to do so. Counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel and prejudice is presumed. Accordingly, Rankin is entitled to file an out-of-time appeal.

## CONCLUSION

For the reasons stated above, the Court finds that the Motion of Defendant, Demetrius S. Rankin, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 should be granted in part and denied in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [38] of the Defendant, Demetrius S. Rankin , to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed April 21, 2008, is **GRANTED** to the extent that he is entitled to file an out-of-time appeal, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that within 10 days of the date of this Order, the Federal Public Defender shall file a Notice of Appeal on behalf of the Defendant and the Defendant shall file any motion to proceed *in forma pauperis* on appeal.

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE