**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS S. RANKIN** § | | **PETITIONER** |
| § | | |
| **v.** § | | **CIVIL NO. 1:08CV161 LG** |
| § | | **CRIMINAL NO. 1:06CR41 LG-JMR** |
| § | | |
| **UNITED STATES OF AMERICA** § | | **RESPONDENT** |

## AMENDED MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO VACATE UNDER 28 U.S.C. § 2255

THIS ORDER supplants and replaces the Memorandum Opinion and Order Granting in Part and Denying in Part Motion to Vacate Under 28 U.S.C. § 2255 entered by the Court on January 19, 2010, docket entry no. 70.

BEFORE THE COURT is the Motion of the Petitioner Demetrius S. Rankin to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Petitioner seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 853. A hearing was conducted on January 15, 2010, at which the Petitioner and his trial counsel were present and testified. After consideration of Petitioner's Motion, the Government's response, the testimony and arguments at hearing, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be granted to the extent that Rankin should be allowed to file an out-of-time appeal, and dismissed without prejudice in all other respects.

### DISCUSSION

On June 1, 2006, Rankin was stopped in Pascagoula, Mississippi, for a traffic violation. During the course of the stop, Rankin gave consent to the officers to search the truck. While he was getting out of the truck, the officers noticed a bulge that appeared to be a pistol in Rankin's

waistband. When the officers tried to retrieve the pistol, Rankin resisted. Rankin was eventually taken into custody and found to have a .22 caliber revolver, approximately one ounce of marijuana and $1,200 in cash. He was placed under arrest and brought to the Pascagoula City Jail. While there, Rankin placed a monitored phone call to his girlfriend, Laquisha Ann Brooks. The discussion made agents suspicious of criminal activity, and they obtained a search warrant for Rankin's residence. Brooks was attempting to leave the residence when agents arrived. They discovered $20,490 in cash in Brooks's purse, 9.4 kilograms of cocaine hydrochloride in a locked trailer in the front yard of the residence, a small amount of powder cocaine and 19 grams of marijuana inside the residence, as well as a pistol and ammunition.

Rankin retained the services of attorney Michael Crosby to represent him. A plea agreement was negotiated and Rankin's guilty plea taken on September 19, 2006. He was subsequently sentenced to 143 months incarceration and five years supervised release. He did not appeal the judgment or sentence.

Rankin timely filed this Section 2255 motion. Two months later, he filed "Defendant's Motion to Amend His Section 2255 Motion Pursuant To F.R.C.P. Rule 15(a)." He restated his grounds for relief, requesting that the amendment "be used in place of the specific facts presented in Defendant's original section 2255 motion." Ct. R. 41.

Rankin's amended Motion includes a claim that his attorney was ineffective because he failed to file an appeal. The Court conducted a hearing on this issue, because an attorney's failure to file a notice of appeal when requested - even when the right to appeal and collateral review has been waived - is per se ineffective assistance of counsel. *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

> In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*Id.* at 266. After hearing testimony from Rankin and his counsel, the Court finds that Rankin did request that his counsel file a notice of appeal, and counsel failed to do so. Accordingly, Rankin is entitled to file an out-of-time appeal.[1] Pursuant to the directive in *United States v. West*, 240 F.3d 456 (5th Cir. 2001), Rankin's remaining claims will be dismissed without prejudice and his criminal judgment re-entered. If Rankin wishes to reassert these claims, or others, he may do so by way of a new § 2255 motion after his appeal is concluded.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [38] of the Defendant, Demetrius S. Rankin, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed April 21, 2008, is **GRANTED** to the extent that he is entitled to file an out-of-time appeal, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**SO ORDERED AND ADJUDGED** this the 18th day of March 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

---

[1] Rankin filed a notice of appeal following entry of the Court's original Memorandum Opinion and Order, but before judgment was re-entered. Under Fed. R.App. P. 4(b)(2), it will be treated as filed on the date of and after the entry of the judgment.