IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                   CAUSE NO. 1:06-CR-41-LG-JMR-1

**DEMETRIUS S. RANKIN**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [187] Motion for Compassionate Release filed by Defendant, Demetrius S. Rankin. The Government filed an untimely response which will not be considered. Nevertheless, after reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied without prejudice for failure to exhaust administrative remedies.

### BACKGROUND

On September 19, 2006, Rankin entered a plea of guilty to one count of possession with intent to distribute a controlled substance and one count of criminal forfeiture, in violation of 21 U.S.C. §§ 841(a)(1) and 853. On April 17, 2007, the Court sentenced Rankin to 143 months of imprisonment, 5 years' supervised release, a fine in the amount of $7,500.00, and a special assessment in the amount of $100.00. In February 2015, the Court reduced Rankin's sentence to 120 months pursuant to 18 U.S.C. § 3582(c)(2). In November 2017, following Rankin's arrest by the Louisiana State Police for possession with intent to distribute a Schedule II controlled substance and following a vehicle too closely, the Court revoked his

supervised release and sentenced him to 60 months of imprisonment. He is currently housed at FCI Beaumont Low.

In October 2019, Rankin filed a [176] Motion to Vacate his sentence under 28 U.S.C. § 2255, which the Court denied on March 4, 2020. (Mem. Opinion & Order, 6, ECF No. 180). Rankin then filed a [183] Notice of Appeal of that judgment, which remains pending. On July 27, 2020, Rankin filed a *pro se* Motion for Compassionate Release based on COVID-19 and alleged medical conditions. (Mot. Compassionate Release, ECF No. 187). On August 14, 2020, Rankin, now represented by counsel, supplemented his Motion with the affidavit of his sister, Articole Bowers, supplying additional information. (Supp. Mot. Compassionate Release, 1, ECF No. 193; Aff. Articole Bowers, ECF No. 193-1). The Court will not consider the Government's untimely [194] Response.

## DISCUSSION

### I.      Jurisdiction over Defendant's Motion

At the outset, the Court must consider the effect of Rankin's pending [183] Notice of Appeal as to the denial of his § 2255 Motion. A district court is divested of jurisdiction to entertain a motion under 18 U.S.C. § 3582 by the defendant's filing of a notice of appeal as to a judgment under 28 U.S.C. § 2255. *See United States v. Espinal*, Nos. 08CR242, 09CR683, 16CR349, 2020 WL 2092484, at *2 (E.D.N.Y. May 1, 2020); *see also United States v. Lee*, No. 17-204, 2020 WL 3490437, at *1 (E.D. La. Jun. 26, 2020); *United States v. Pinson*, No. H-08-283, 2020 WL 2771343, at *1-2 (S.D. Tex. May 28, 2020). Under these circumstances, "[i]f a timely motion

is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Here, the Court elects to deny the Motion for the reasons set forth below.

## II.     Ripeness of Defendant's Motion

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii). However, a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Allen*, No. 1:15cr36-HSO-RHW-1, 2020 WL 3159180, at *2 (S.D. Miss. June 12, 2020); *United States v. Martin*, No. 3:16-CR-70-DPJ-LRA, 2020 WL 3065302, at *2 (S.D. Miss. June 9, 2020). This Court interprets the "lapse" language in the second exhaustion method as having a futility component, that is, it applies only when the BOP has failed to respond to a compassionate release request within 30 days of its submission. *Allen*, 2020 WL 3159180, at *2; *Martin*, 2020 WL 3065302, at *3.

When an inmate's request is denied before the lapse of 30 days, he must fully exhaust administrative remedies before the Court may consider a motion to modify his sentence under the statute. In such cases, the defendant is subject to a four-step Bureau of Prisons ("BOP") grievance process: (1) informal resolution; (2) formal administrative grievance; (3) regional appeal; and (4) national appeal. *See* 28 C.F.R. §§ 542.13-542.15; *see also Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019); *Allen*, 2020 WL 3159180, at *3.

Here, Rankin states that he "filed his request for home confinement and/or compassionate release with the warden at FCI Beaumont, which was denied on or about June 25, 2020." (Mot. Compassionate Release, 3, ECF No. 187). The Court may credit a defendant's sworn declaration that he filed such requests with the Warden, especially where the Government does not bring forth "any evidence to dispute or contradict [the defendant]'s sworn Declaration." *United States v. Kennedy*, No. 1:18CR154-HSO-RHW-1, 2020 WL 3316993, at *2 (S.D. Miss. Jun. 18, 2020). However, Rankin has not offered an affidavit or other evidence of this exhaustion beyond a single statement. Rankin did not attach his request to the Motion as an exhibit. Without such evidence, the Court must deny the Motion without prejudice for failure to exhaust.

Rankin is cautioned that, should he ever refile this Motion with appropriate evidence of exhaustion while his appeal remains outstanding, the Court will remain divested of jurisdiction. In that event, the Court is constrained by the three courses

of action listed in Fed. R. Crim. P. 37(a) and does not have authority to grant a sentence reduction outright.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [187] Motion for Compassionate Release filed by the defendant, Demetrius S. Rankin, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE