IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CAUSE NO. 1:06-CR-41-LG-JMR-1**

**DEMETRIUS S. RANKIN**

### ORDER DENYING DEFENDANT'S SECOND SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the second [198] Supplemental Motion for Compassionate Release filed by defendant, Demetrius S. Rankin. The Court previously denied Rankin's original [187] Motion and first [193] Supplemental Motion for failure to exhaust administrative remedies. In the instant Supplemental Motion, Rankin claims that he has exhausted his administrative remedies and asks the Court to consider his motion on the merits. Specifically, he seeks a sentence reduction to time served or to be placed into home confinement. The Government opposes Rankin's request. Having considered the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's second Supplemental Motion should be denied.[1]

---

[1] The Court notes that there remains a pending appeal on Rankin's motion to vacate. The Court's denial of the instant Supplemental Motion is pursuant to the authority granted under Fed. R. Crim. P. 37(a). *See* Fed. R. Crim. P. 37 advisory committee's note to 2012 adoption (noting that when Rule 37 is triggered, the court "can entertain [a § 3582(c)] motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue"); *see also United States v. Pinson*, No. H-08-283, 2020 WL 2771343, at *2 (S.D. Tex. May 28, 2020) (citations omitted).

## DISCUSSION

As an initial matter, the Court finds that Rankin has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). To the extent Rankin requests the Court modify his sentence to home confinement, the Court lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b); *see also United States v. Adcock*, No. 3:19-CR-00106, 2020 WL 2043811, at *3 (W.D. La. Apr. 28, 2020). As to Rankin's request for a sentence reduction, a court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[2] Regardless, the Court finds that the former policy statement continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.

In this case, Rankin has not presented extraordinary and compelling reasons as set forth under the relevant policy statement. *See* U.S.S.G. § 1B1.13; *see also* 18 U.S.C. § 3142(g). First, Rankin, a 47-year-old male, cites his chronic bronchitis,

---

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

hypertension, morbid obesity, asthma, allergies, and anxiety as making him particularly vulnerable to serious illness or death from COVID-19. Publications from the Centers for Disease Control and Prevention ("CDC") recognize conditions such as obesity and severe obesity as increasing the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 12, 2020). Likewise, the CDC indicates that hypertension, asthma, and chronic bronchitis may also increase the risk of severe illness from COVID-19. *Id.* The CDC does not cite allergies or anxiety as underlying conditions that increase the risk of severe illness. *See id.* Nonetheless, preexisting medical conditions that place a defendant at increased risk are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence. *See, e.g., United States v. Jordan*, 3:92-CR-42, 2020 WL 5118052, at *6 (S.D. Miss. Aug. 31, 2020) (citation omitted); *United States v. Olejniczak*, No. 1:15-CR-142, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020).

Second, a generalized fear of contracting COVID-19 does not justify compassionate release. *See Jordan*, 2020 WL 5118052, at *6 (citations omitted). In his Motion, Rankin notes that FCC Beaumont has reported more than 469 inmates and staff infected with COVID-19. (*See* Def.'s Mot, at 1, ECF No. 187). He claims that he cannot practice social distancing and that the facility "has literally become a breeding ground for [COVID-19]." (*Id.* at 4). He states that his prison sentence has

thus become a "death sentence." (*Id.* at 5). The Court recognizes that Rankin is partly correct that FCI Beaumont Low, where Rankin is currently housed, has had confirmed cases of COVID-19. *See COVID-19 Inmate Test Information*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited Nov. 13, 2020). There are currently 187 cases amongst inmates and no reported deaths. *Id.* However, this Court has held that "'the mere existence of COVID-19 in society' and, consequently, the prison system 'cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" *United States v. Williams*, No. 2:16-cr010, 2020 WL 4210476, at *3 (S.D. Miss. July 22, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). The Government claims that the Bureau of Prisons has taken significant measures to protect the health of the inmates in its charge. Additionally, Rankin has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. *See United States v. Randall*, No. 11-0317-08, 2020 WL 6585659, at *4 (W.D. La. Nov. 9, 2020). As such, the Court finds Rankin's concerns not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The Section 3553 factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Rankin pled guilty to two of the three counts listed against him in the indictment. Rankin's total offense level was a 31. This Court revoked his supervised release for a drug offense, at which point Rankin was sentenced to 60 months' imprisonment to run consecutive to any sentence that may be imposed by

the State of Louisiana.  (*See* Docket, Nov. 15, 2017).  The Presentence Investigation Report also reflects that Rankin had been convicted of a prior drug offense, for which he served time and had his sentence revoked following release.  (*See* Present. Invest. Report, at ¶ 45, at 10, ECF No. 30).  The Court finds that, under these circumstances, the likelihood of recidivism does not weigh in favor of a sentence reduction.  Nor would a reduction in Rankin's sentence reflect the gravity of the instant offense.  Therefore, it cannot disturb the sentence given the circumstances surrounding his conviction.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the second [198] Supplemental Motion for Compassionate Release filed by defendant, Demetrius S. Rankin, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE